19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Duane MARKLEY, also known as Larry Mikles, Defendant-Appellant.
 No. 93-1535.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: KEITH, MARTIN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Terry Duane Markley pleaded guilty to one count of conspiracy to possess with the intent to distribute marijuana, in violation of 21 U.S.C. Secs. 841(a)(1) and 846, pursuant to a plea agreement. The district court sentenced Markley to a thirty-seven month term of imprisonment. The present appeal followed. The parties have briefed the issues and have expressly agreed to waive oral argument.
 
 
 3
 In 1988, Markley and another man took a commercial airline flight from Tucson, Arizona, to Detroit, Michigan. Each man used an alias and each carried two suitcases. Their manner aroused the suspicions of a Tucson officer who alerted the Detroit authorities. Upon arrival, Markley and his companion met a third individual and proceeded to the baggage claim area where they observed law enforcement officials and a drug detection dog inspecting the four suitcases. All three men attempted to leave but were intercepted and questioned. Markley initially denied ownership of the luggage and provided the agents with a false name. He later recanted, admitting that two of the suitcases were his. Markley was found in to possess all four claim checks. A subsequent inspection revealed 29 kilograms of marijuana in the two bags claimed by Markley and a total of 42.61 kilograms of marijuana overall.
 
 
 4
 Markley was indicted on two related counts, one for conspiring to possess marijuana and another for aiding and abetting the possession with intent to distribute. Markley thereafter entered into a plea agreement whereby the aiding and abetting count was dropped. At sentencing, Markley's counsel argued unsuccessfully that Markley was entitled to a downward adjustment in the base offense level owing to his minor or minimal role as a "mule" or mere courier. The district court's rejection of this downward adjustment forms the basis for Markley's lone assigned error on appeal.
 
 
 5
 Markley contends that the district court should have subtracted two or four points from his offense level pursuant to U.S.S.G. Sec. 3B1.2(a) or (b). Section 3B1.2 provides:
 
 
 6
 Based on the defendant's role in the offense, decrease the offense level as follows:
 
 
 7
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 
 
 8
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 
 
 9
 In cases falling between (a) and (b), decrease by 3 levels.
 
 
 10
 A "minimal participant" is a defendant who is plainly among the least culpable of those involved in the conduct of a group. A defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a "minimal participant." U.S.S.G. Sec. 3B1.2, comment. (n. 1, 2). A "minor participant" is a participant who is less culpable than most other participants, but whose role in the offense could not be described as minimal. U.S.S.G. Sec. 3B1.2, comment. (n. 3). It is anticipated that this adjustment will be used infrequently. U.S.S.G. Sec. 3B1.2, comment. (n. 2).
 
 
 11
 As always, a defendant bears the burden of proving a mitigating factor under the guidelines by a preponderance of the evidence. United States v. Nagi, 947 F.2d 211, 215 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). In particular, the sentencing court's determination under section 3B1.2 is "heavily dependent upon the facts of the particular case." U.S.S.G. Sec. 3B1.2, comment. (backg'd.). This court will not disturb a sentencing court's findings of fact unless clearly erroneous. 18 U.S.C. Sec. 3742(e).
 
 
 12
 It appears from the uncontested record that Markley was not "the sort of marginal player" who could qualify for a section 3B1.2 reduction by asserting the "ostrich defense." See Phibbs, 999 F.2d at 1075. Markley's offense conduct included boarding an airplane under an alias, attempting to flee when the baggage was singled out, initially giving a false name and denying ownership of the bags and exercising control (through possession of all four claim checks) over an aggregate of 42.61 kilograms of marijuana. The district court based its decision on a combination of these undisputed factors and in accordance with the guidelines. See U.S.S.G. Sec. 3B1.2, comment. (n. 1, 2) (reduction appropriate where defendant ignorant of operation's extent or carried very small quantity of drugs). The district court's decision was not clearly erroneous.
 
 
 13
 Accordingly, the district court's decision is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.